ECF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
UNITED STATES SECURITIES                               :
AND EXCHANGE COMMISSION                                :   05-cv-10634 (LAK)
                                                       :
            Plaintiff,                                 :
                                                       :
     v.                                                :   COMPLAINT
                                                       :
COMPANIA INTERNACIONAL                                 :
FINANCIERA S.A. and                                    :
                                                       :
YOMI RODRIG                                            :
                                                       :
            Defendants.                                :
                                                       :
-------------------------------------------------------X

Plaintiff, the United States Securities and Exchange Commission, alleges:

## SUMMARY

1. This action arises from violations of Rule 105 of Regulation M [17 C.F.R. § 242.105] ("Rule 105") and Section 10(a) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(a)] ("Exchange Act") by Compania Internacional Financiera S.A. ("Compania"), an offshore investment vehicle, and its owner Yomi Rodrig, a/k/a Yomtov Rodrig, Yomi Rodrik or Yomtov Rodrik ("Rodrig"). Section 10(a) of the Exchange Act prohibits effecting a "short sale . . . of any security registered on a national securities exchange, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors." Rule 105, under Section 10(a) among other provisions, prohibits covering a short sale with securities obtained in certain public offerings when the short sale occurs

during a specific restricted period (usually within five business days) before the pricing of the offering. Rule 105 provides as follows, in pertinent part: "In connection with an offering of securities for cash pursuant to a registration statement . . . filed under the Securities Act [of 1933], it shall be unlawful for any person to cover a short sale with offered securities purchased from an underwriter or broker or dealer participating in the offering, if such short sale occurred during the shorter of: (1) The period beginning five business days before the pricing of the offered securities and ending with such pricing; or (2) The period beginning with the initial filing of such registration statement . . . and ending with the pricing." 17 C.F.R. § 242.105. This five business day or shorter period shall hereinafter be referred to as the "Restricted Period." Rule 105 is prophylactic and prohibits the conduct irrespective of the intent of the person selling short.

2.     Beginning as early as in January 2002, Compania and Rodrig violated Rule 105 in connection with short sales in advance of at least eighty-five (85) public offerings, making profits of at least $4,776,785.89. In connection with at least forty-nine (49) of these offerings, Compania's illegal trading also violated Section 10(a) of the Exchange Act.

3.     Unless enjoined by the Court it is likely that Compania and Rodrig will continue to engage in the acts and practices alleged herein or in acts of similar purport and object. Accordingly, the Commission seeks a judgment: (1) permanently enjoining Defendants Compania and Rodrig under Sections 21(d)(1) and 21(e) of the Exchange Act [15 U.S.C. §§ 78u(d)(1) and 78u(e)] from further violating Rule 105 of Regulation M [17 C.F.R. § 242.105] and Section 10(a) of the Exchange Act [15 U.S.C. § 78j(a)]; (2) requiring Defendants to disgorge their ill-gotten gains, with prejudgment interest, under

the Court's inherent equitable powers [18 U.S.C. § 78u(d)(5)]; and (3) imposing monetary penalties against Defendants under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under Sections 21(d)(1), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d)(1), 78u(e) and 78aa]. Venue is proper under Section 27 of the Exchange Act, and 28 U.S.C. § 1391(d), because some of the trading at issue in this case occurred on the New York Stock Exchange ("NYSE"), Defendants conducted the trading at issue from securities brokerage accounts located in New York City which they own and control, and Defendants are non-United States persons residing outside of the United States.

## DEFENDANTS

5. COMPANIA INTERNACIONAL FINANCIERA S.A. is an offshore investment vehicle founded, owned and controlled by Yomi Rodrig and organized under the International Business Companies Act of the British Virgin Islands. Compania also does business, or did business in the past, in the name of Strategic Market Analysis Ltd., Back Office Solutions S.A., and Societe Internacional de Reglements. Compania conducts business from offices in Geneva, London and Paris.

6. YOMI RODRIG, 46, is a Turkish national residing in Geneva. Rodrig owns and controls Compania and works as a professional securities trader.

## OVERVIEW OF RULE 105

7. Rule 105, "Short Selling in Connection With a Public Offering," prohibits covering a short sale with securities obtained in a public offering when the short sale occurs within the Restricted Period. Rule 105 is directed at the public offerings of securities when the issuers already have outstanding securities of the same class as those being offered.

8. A short sale is "any sale of a security which the seller does not own or any sale which is consummated by the delivery of a security borrowed by, or for the account of, the seller." 17 C.F.R. § 242.200. The profit or loss on a short sale is determined by the price of the security purchased to cover the short sale, i.e., the price of the security purchased to repay to the lender the borrowed shares originally sold short. Accordingly, a short sale is profitable when the price of the security decreases after the short sale and is purchased by the seller for less than it was sold short.

## FACTUAL ALLEGATIONS

### Overview of Defendants' Rule 105 and Section 10(a) Violations

9. Beginning as early as January 2002 through at least March 2005, by the use of the means or instrumentalities of interstate commerce or of the mails, or of the facility of a national securities exchange, in connection with short sales in advance of at least eighty-five (85) public offerings of securities for cash pursuant to a registration statement filed under the Securities Act of 1933 (the "Securities Act"), Compania used securities purchased from an underwriter participating in a public offering conducted on a firm commitment basis to cover shares it had sold short during the Restricted Period.

10. In connection with at least forty-nine (49) of these eighty-five public offerings, the securities Compania traded were registered on a national securities exchange.

11. Compania typically conducted its short selling on the day of the pricing of the public offering or one or two days earlier. In each offering, the offering price was set on the pricing day, and was usually set at a discount to the last reported sale price of the stock on the pricing day. Accordingly, by short selling just before pricing, Compania often sold shares short at prices higher than the price it would later pay for the shares in the offering.

12. The orders to buy or sell the securities involved in these violations were made either directly by Rodrig, or a Compania employee trading at the direction of or with authorization from Rodrig. At all pertinent times, Rodrig made all major investment decisions on behalf of Compania, and directly or indirectly authorized all of Compania's trades.

13. Compania's trading in connection with the eighty-five offerings at issue yielded a profit in the amount of approximately $4,776,785.89.

### Example of Defendants' Violations of Rule 105 and Section 10(a)

14. The following is an example of Compania's and Rodrig's violation of Rule 105 and Section 10(a) of the Exchange Act in connection with the public offering of Seagate Technology (STX). On July 24, 2003, the public offering of STX common stock for cash, conducted on a firm commitment basis pursuant to a registration statement filed under the Securities Act, was priced at $18.75 per share based on the last reported sale

price of the common stock on the NYSE that day. From July 22 through 24, 2003, Compania, under the supervision and direction of Rodrig, sold short a total of 787,600 shares of STX for prices ranging from $19.1653 to $19.85 per share. After the pricing of the public offering on July 24, 2003, Compania purchased 850,000 shares of STX stock for $18.75 per share from one or more of the underwriters participating in the offering. In violation of Rule 105 and Section 10(a) of the Exchange Act, Compania, under the supervision and direction of Rodrig, used 787,600 of the shares of STX stock that it purchased in the offering to cover the 787,600 of the shares that it sold short before the pricing of the offering, realizing illegal profits of approximately $453,281.

15.     From as early as January 2002 through at least March 2005, Compania and Rodrig engaged in similar violations of Section 10(a) of the Exchange Act and/or Rule 105 in connection with one or more public securities offerings by the following issuers, whose stock symbols are provided in parenthesis: Polycom Inc. (PLCM), Cross Country Healthcare Inc. (CCRN), Nu Skin Enterprises Inc. (NUS), Petsmart Inc. (PETM), Weight Watchers International Inc. (WTW), Citigroup Global Market (PSC), The Advisory Board (ABCO), Perini Corp. (PCR), Axis Capital Holdings Ltd. (AXS), Novatel Wireless Inc. (NVTL), Nuvelo Inc. (NUVO), Metro-Goldwyn-Mayer Inc. (MGM), Medicines Co. (MDCO), Vista Care Inc. (VSTA), Yankee Candle Inc. (YCC), International Speedway Corp. (ISCA), Advanced Semiconductor Engineering (ASX), Verint Systems Inc. (VRNT), SRA International Inc. (SRX), Standard Motor Products Inc. (SMP), Chicago Bride & Iron Co. (CBI), Endo Pharmaceuticals Holdings Inc. (ENDP), Cache Inc. (CACH), Safenet Inc. (SFNT), Taiwan Semiconductor Manufacturing. Co. (TSM), Omnivision Technologies Inc. (OVTI), Pacer International

Inc. (PACR), Aeropostale (ARO), Hewitt Associates Inc. (HEW), Icon PLC (ICLR), Tom Brown Inc. (TBI), NII Holdings Inc. (NIHD), Anteon International Inc. (ANT), TTM Technologies Inc. (TTMI), Dot Hill Systems Corp. (HILL), Atari Inc. (ATAR), Pain Therapeutics Inc. (PTIE), Applied Films Corp. (AFCO), Inet Technologies Inc. (INTI), SimpleTech Inc. (STEC), SFBC International Inc. (SFCC), Formfactor Inc. (FORM), Sierra Wireless Inc. (SWIR), Forward Air Corp. (FWRD), Wabtec Corp. (WAB), Ista Pharmaceuticals Inc. (ITSA), Nextel Partners Inc. (NXTP), Ameritrade Holding Corp. (AMTD), Net2Phone Inc. (NTOP), LCA Vision Inc. (LCAV), Infinity Property & Casualty Corp. (IPCC), Psychiatric Solutions Inc. (PSYS), The Pantry Inc. (PTRY), Spectrasite Inc. (SSI), Hayes Lemmerz International Inc. (HAYZ), Cepheid (CHPD), Citadel Broadcasting Corp. (CDL), Sigmatel Inc. (SGTL), Polo Ralph Lauren Corp. (RL), Endurance Specialty Holdings Ltd. (ENH), Source Interlink Companies Inc. (SORC), CDW Corp. (CDWC), Coeur D'Artene Mines Corp. (CDE), Essex Corp. (KEYW), Colonial BancGroup (CNB), Collective Universe Inc. (CLCT), Allied Waste Industries Inc. (AW), JLG Industries Inc. (JLG), Barrier Therapeutics (BTRX), Nasdaq Stock Market Inc. (NDAQ), Neurochem Inc. (NRMX), Invision Technologies (INVN), Chippac (CHPC), Kroll Inc. (KROL), Conseco (CNO), Gencorp (GY), Audible (ADBL), and Nordic American Tanker (NAT).

## CLAIM FOR RELIEF

### [Short Selling in Connection With a Public Offering]

### Violations of Rule 105 of Regulation M [17 C.F.R. § 242.105] and Section 10(a) of the Exchange Act [15 U.S.C. § 78j(a)]

16.     The Commission incorporates the allegations in paragraphs 1 through 15 as though fully set forth in this paragraph.

17.     Beginning as early as January 2002 through at least March 2005, Compania and Rodrig used securities purchased from underwriters participating in public offerings to cover shares Compania had sold short during the restricted period. Compania and Rodrig purchased the stock used to cover Compania's short sales in public offerings of securities for cash made pursuant to registration statements filed under the Securities Act that were conducted on a firm commitment basis.

18.     By engaging in the foregoing, Compania and Rodrig violated Rule 105 of Regulation M [17 C.F.R. § 242.105] and, with respect to exchange traded securities, Section 10(a) of the Exchange Act [15 U.S.C. § 78j(a)].

19.     Compania and Rodrig will, unless restrained and enjoined, continue to engage in the transactions, acts, practices, and courses of business alleged in this Complaint, or in similar transactions, acts, practices and courses of business, in violation of the federal securities laws.

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that the Court enter judgment:

a.      Permanently restraining and enjoining Compania and Rodrig, and their agents, servants, employees, representatives, attorneys, affiliates and all persons in active

8

concert or participation with them, from violating Rule 105 of Regulation M and Section 10(a) of the Exchange Act;

    b.    Ordering Compania and Rodrig to disgorge, with prejudgment interest, all illicit profits from the unlawful conduct described above;

    c.    Ordering Compania and Rodrig to pay civil monetary penalties pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. §§ 78u(d)(3)]; and

    d.    Granting the Commission such other and further relief as this Court deems just and proper.

Date: December 19, 2005

*/s/ David Stoelting*
David Stoelting (DS-0565)
Local Counsel for Plaintiff
Securities and Exchange Commission
Three World Financial Center
New York, NY 10281
Telephone: (212) 336-0174
Facsimile: (212) 336-1322

Respectfully submitted,

*/s/ Erica Y. Williams*
Erica Y. Williams (EW-1040)
Lawrence A. West
Fredric D. Firestone
Gerald W. Hodgkins
David A. Neuman
Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4010
Telephone: (202) 551-4450 (Williams)
Facsimile: (202) 772-9246
Email: williamse@sec.gov