UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION

              Plaintiff,

              v.

COMPANIA INTERNACIONAL
FINANCIERA S.A. and

YOMI RODRIG

              Defendants.

-----------------------------------------------------------X

## [Proposed] FINAL JUDGMENT AS TO
## COMPANIA INTERNACIONAL FINANCIERA S.A. AND YOMI RODRIG

The United States Securities and Exchange Commission (the "Commission") having filed a Complaint, and Defendants Compania Internacional Financiera S.A. ("Compania") and Yomi Rodrig, a/k/a Yomtov Rodrig, Yomi Rodrik or Yomtov Rodrik ("Rodrig"), (collectively "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from directly or indirectly violating:

1) Rule 105 of Regulation M [17 C.F.R. § 242.105], by:

   a) in connection with an offering of securities for cash conducted on a firm commitment basis pursuant to a registration statement or a notification on Form 1-A (17 C.F.R. § 239.90) filed under the Securities Act of 1933,

   b) covering a short sale with offered securities purchased from an underwriter or broker or dealer participating in the offering, if such short sale occurred during the shorter of:

      i) the period beginning five business days before the pricing of the offered securities and ending with such pricing; or

      ii) the period beginning with the initial filing of such registration statement or notification on Form 1-A and ending with the pricing; and

2) Section 10(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(a)] by effecting a short sale of a security registered on a national securities exchange in contravention of the rules and regulations prescribed by the Commission.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $4,776,785.89, representing profits gained as a result of the conduct alleged in the complaint, together with prejudgment interest thereon in the amount of $144,378.36, and a civil money penalty in the amount of $1.4 million pursuant to

Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendants shall satisfy this obligation by Compania's payment of $6,321,164.25 within ten (10) business days after entry of this Final Judgment by electronic wire transfer, certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Defendants Compania and Rodrig as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 12/20/05

_____
UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION

      Plaintiff,

   v.

COMPANIA INTERNACIONAL
FINANCIERA S.A. and

YOMI RODRIG

      Defendants.
----------------------------------------------------------X

**05 CV 10634**

## CONSENT OF DEFENDANTS
## COMPANIA INTERNACIONAL FINANCIERA S.A. AND YOMI RODRIG

1. Defendants Compania Internacional Financiera S.A. ("Compania") and Yomi Rodrig ("Rodrig") (collectively "Defendants") waive service of a summons and the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendants and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendants hereby consent to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

  (a) permanently restrains and enjoins Defendants from violation of Section 10(a) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(a) and Rule 105 of Regulation M [17 C.F.R. § 242.105];



1

    (b)    orders Defendants to pay disgorgement in the amount of $4,776,785.89, plus prejudgment interest thereon in the amount of $144,378.36; and

    (c)    orders Defendants to pay a civil money penalty in the amount of $1.4 million pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3.    Defendants agree that they shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendants further agree that they shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendants pay pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.    Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendants waive the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.    Defendants enter into this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made by the Securities and Exchange Commission (the "Commission") or any member, officer, employee, agent, or representative of the Commission to induce Defendants to enter into this Consent.

7.    Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.  Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

9.  Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendants of its terms and conditions. Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendants have received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendants in this civil proceeding. Defendants acknowledge that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendants waive any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendants further acknowledge that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

3

action. Defendants understand that they shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendants understand and agree to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendants agree not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis. If Defendants breach this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendants': (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendants hereby waive any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendants to defend against this action. For these purposes, Defendants agree that neither Defendant is the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendants (i) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or

4

trials, or in connection with any related investigation by Commission staff; (ii) appoint Defendants' undersigned attorney as agent to receive service of such notices and subpoenas; (iii) with respect to such notices and subpoenas, waive the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendants' travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (iv) consent to personal jurisdiction over Defendants in any United States District Court for purposes of enforcing any such subpoena.

14. Defendants agree that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

*[initials]*

5

15. Defendants agree that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 13/12/2005

_____
Yomi Rodrig

_____
Compania Financiera
by: Yomi Rodrig, owner

On Dec 13, 2005, Yomi Rodrig, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Ira Lee Sorkin (IS 8884)
DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 835-1400
Facsimile: (212) 997-9880
Attorney for Compania Internacional Financiera S.A. and Yomi Rodrig

6